UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff | ) | CRIMINAL NO. 5:08-135 |
| | ) | CIVIL ACTION NO. 5:12-7234 |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| | ) | |
| JOHN McQUEEN, | ) | |
| Defendant | ) | |

\* \* \* \* \*

This matter is before the Court on the Report and Recommendation entered by Magistrate Judge Candace J. Smith. (DE 204). The matter was referred to Judge Smith for the preliminary review of Defendant John McQueen's Motion to Vacate, Set Aside, or Correct His Sentence pursuant to 28 U.S.C. § 2255. (DE 197).

In her Report and Recommendation, Judge Smith recommends that Defendant's Motion be denied on the grounds that McQueen's relief is barred because the issues raised were either litigated on direct appeal or procedurally defaulted. Judge Smith found that McQueen could not avoid procedural default because he could not show he was denied effective assistance of counsel and that he suffered prejudiced as a result. Judge Smith gave the parties fourteen days to file objections. No party has filed objections to the Report and Recommendation, and the time for doing so has elapsed.[1] The Court has reviewed the Report and Recommendation and agrees

---

[1] Generally, "a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge." 28 U.S.C. § 636. However, when the petitioner fails to file any objections to the Report and Recommendation, as in the case *sub judice,* "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard." *Thomas v. Arn,* 474 U.S. 140, 150 (1985).

with its analysis. Consequently, and in the absence of any objections from McQueen, this Court adopts the reasoning set forth in the Report and Recommendation as its own.

As the Court prepared to enter its ruling on August 12, 2013, it received and docketed a filing from McQueen. (DE 206). In his undated filing, McQueen moved to amend his pending motion. Specifically, McQueen wrote:

> I would like to petition the Court to allow me to make an amendment to my previously filed 2255 motion. New issues or potentially new issues have been brought to my attention that may have serious consequences in my appeal.

(*Id.*) This is the entirety of his request to amend.

Motions to amend a habeas petition are governed by the Rules of Civil Procedure. 28 U.S.C. § 2242. Leave to amend is to be freely granted by the Court when justice so requires. *See* Fed. R. Civ. P. 15(a); *see also Oleson v. United States,* 27 F. App'x 566, 569 (6th Cir. 2001) (§ 2255 case). "However, the court should deny the motion if the proposed amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Piner v. United States,* 182 F.3d 918, 1999 WL 454708, at *1 (6th Cir. June 21, 1999) (unpublished table decision).

In this case, McQueen has been given multiple opportunities to present his claims and arguments. Now, well after the time for filing objections has passed, McQueen suggests there may be "new issues or potentially new issues." As explained by Judge Smith, however, McQueen's § 2255 motion fails precisely because the one issue raised was not new and because any other issues had been procedurally defaulted. McQueen did not object to the Report and Recommendation from Judge Smith, and his motion to amend does not explain that failure, his delay in filing this motion, or the nature of his proposed amendments. Evaluating the interests of

justice in this case, and even considering McQueen's *pro se* status, the Court finds that allowing amendment would result in undue delay and create prejudice to the opposing party.

Finally, the Court considers whether a certificate of appealability should issue in this matter. "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a certificate to issue, Defendant must be able to show that reasonable jurists could find in his favor, and the "question is the debatability of the underlying federal constitutional claim, not the resolution of that debate." *Miller–El v. Cockrell,* 537 U.S. 322, 342 (2003). Having carefully considered the matter, this Court concludes that no certificate should issue as McQueen cannot make a substantial showing of the denial of a constitutional right.

Accordingly, IT IS ORDERED as follows**:**

(1) Defendant's Motion to Amend (DE 206) is DENIED;

(2) the Magistrate Judge's Report and Recommendation (DE 204) is ACCEPTED and ADOPTED;

(3) Defendant's Motion to Vacate, Set Aside, or Correct His Sentence pursuant to 28 U.S.C. § 2255 (DE 197) is DENIED;

(4) a certificate of appealability is DENIED; and

(5) this matter shall be STRICKEN from the Court's active docket.

A separate Judgment shall issue.

This 13th day of August, 2013.



Signed By:
*Karen K. Caldwell*
United States District Judge